UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                              CASE NO.

**DENNIS WAYNE MURPHY**                             05-10151-8-ATS

      **DEBTOR**

ORDER REGARDING MOTION TO DISMISS

The matter before the court is the motion to dismiss filed by Automotive Finance Corporation ("AFC").  A hearing took place in Raleigh, North Carolina on December 13, 2005.

Dennis Wayne Murphy filed a petition for relief under chapter 13 of the Bankruptcy Code on October 15, 2005.  His schedules list unsecured debt in the amount of $455,623.52, including a debt to AFC in the amount of $350,000.  The AFC debt is described in the schedules as a "Personal Guaranty on Corporate Debt," and an "X" is in the box identifying the debt as "contingent."  On December 12, 2005, AFC filed a proof of claim with the chapter 13 trustee for an unsecured debt in the amount of $459,176.02.

AFC filed a motion to dismiss Mr. Murphy's case, contending that he is ineligible to be a debtor under chapter 13 because his unsecured debt exceeds the limits set forth in 11 U.S.C. § 109(e).  Section 109(e) provides that only an individual with regular income that owes "noncontingent, liquidated, unsecured debts of less than $307,675" may be a debtor under chapter 13.  AFC maintains that its debt is not

contingent as claimed by the debtor, and that the debt to AFC itself renders Mr. Murphy ineligible for chapter 13 whether the scheduled amount or the amount on the proof of claim is considered.

Mr. Murphy asserts that the debt to AFC is contingent because it is based on a personal guaranty of a corporate debt, and the corporation has not defaulted on the debt. Mr. Murphy maintains that until AFC has cause to pursue the guarantor, the debt is contingent upon a default by the corporation.

A contingent debt is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." Fostvedt v. Dow (In re Fostvedt), 823 F.2d 305, 306 (9th Cir. 1987) (citations omitted). In contrast, "where a contract was entered into by parties who did not contemplate that any further act had to be completed in order to trigger contractual liability, then such liability would not be contingent." Fostvedt at 307 (citation omitted).

The guaranty agreement between AFC and Mr. Murphy provides that AFC is not required to make any demand upon the corporation or exhaust its remedies against the corporation prior to seeking payment by Mr. Murphy. The debtor is jointly and severally liable with the corporation, and the debt to AFC therefore is noncontingent. See Fostvedt (liability of debtor on notes noncontingent even though

creditor had not demanded payment and possibility existed that co-obligors would pay some or all of debt); see also Mazzeo v. United States (In re Mazzeo), 131 F.3d 295 (2d Cir. 1997) (responsible party liability for unpaid withholding taxes is noncontingent, even though liability is disputed).

Because the debt to AFC is a noncontingent, liquidated unsecured debt in excess of $307,675, Mr. Murphy is not eligible to be a debtor under § 109(e).  Mr. Murphy has 10 days from the date of this order to convert the case to another chapter, failing which the case will be dismissed.

**SO ORDERED.**

**DATED:   December 15, 2005**

A. Thomas Small
United States Bankruptcy Judge